UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DELMAR ADRIANO MONTERIO LOPES, )
          Petitioner,          )
                               )
     v.                        )  Civil Action No. 04-10067-GAO
                               )
JOHN ASHCROFT, U.S. Attorney   )
General, U.S. Department of    )
Justice; and STEVEN J.         )
FARQUHARSON, Boston District   )
Director,                      )
          Respondents.         )
```

MEMORANDUM AND ORDER OF TRANSFER

For the reasons set forth below, this action will be transferred to the District of Rhode Island.

BACKGROUND

On January 12, 2004, Delmar Adriano Monterio Lopes, now detained by the Department of Homeland Security (formerly the I.N.S.[1]) at the Adult Correctional Institute in Cranston, Rhode Island, filed his self-prepared Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 seeking release from the custody of the Department of Homeland Security. See Petition. The habeas petition was accompanied by the $5 filing fee as well as an Application to Proceed Without Prepayment of Fees.

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA").

1

See Docket.

Petitioner entered the United States from Cape Verde in 1988 at the age of 8 to join his mother as a legal permanent resident on July 1, 1988. See Petition, ¶ 9. Petitioner has been in custody since June 2000 and a final order of removal was entered on August 23, 2001. Id. at ¶ 6. Petitioner alleges that the Cape Verde government has not yet issued travel documents and has stated that petitioner's health needs cannot be met in Cape Verde. Id. at ¶ 10. Petitioner complains, among other things, that he is being indefinitely detained by the Department of Homeland Security in violation of Zadvydas v. Davis, 533 U.S. 678 (2001). Id. at ¶¶ 11-15.

## DISCUSSION

### I. The Court Will Construe the Pleading As a Petition for Habeas Corpus Under Section 2241

Petitioner's Habeas Petition invokes the Court's jurisdiction under 28 U.S.C. § 2241 as well as several other federal statutes including 8 U.S.C. § 1101; the Administrative Procedures Act, 5 U.S.C. §§ 701, et seq.; 28 U.S.C. § 1331 (federal question); the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.; and the All Writs Act, 28 U.S.C. 1651. See Habeas Petition, ¶¶ 2, 3.

Although petitioner invokes this Court's jurisdiction under several provisions, his pleading is brought specifically

as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  As a general matter, a party only may challenge his custody through a habeas petition.  See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws).

Because petitioner seeks a writ of habeas corpus, the Court will consider this case only as a petition for writ of habeas corpus and not as an action brought under any of the other jurisdictional bases suggested in the Habeas Petition because the exclusive means of securing a writ of habeas corpus is through a habeas petition.  See <u>Rasul v. Bush</u>, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (construing mixed pleadings as Section 2241 habeas petitions).

The construction of this action as a habeas action under Section 2241 is without prejudice to any future attempt by petitioner to file a complaint in this district on other theories and under other statutes.

    II.  <u>The Court Will Transfer this Action to the District of Rhode Island</u>

Although immigration detainees may seek habeas relief pursuant to Section 2241 of title 28 and district courts have

jurisdiction to review those petitions, see Immigration and Naturalization Service v. St. Cyr., 533 U.S. 289, 312-313 (2001), this Court does not have jurisdiction to hear this petition because the petitioner is not in custody in this district.

A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained). Petitioner's legal custodian is the warden of A.C.I. Cranston, the individual with the day-to-day control over the facility in which he is being detained. Id. at 684. This Court does not have personal jurisdiction over the Warden of A.C.I. Cranston, and therefore must either dismiss or transfer this Section 2241 petition to the proper district. Id. at 696.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED, that this

action be TRANSFERRED to the District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, Rhode Island  02903 for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>13th</u> day of <u>January</u>, 2004.

                                          <u>/s George A. O'Toole</u>
                                          GEORGE A. O'TOOLE, JR.
                                          UNITED STATES DISTRICT JUDGE