UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Delmar Adriano Monterio Lopes
Petitioner    Pro-Se
A# 41-958-320

v.

Civil Action
No. _____

John Ashcroft, Atty. Gen;
_____, Immigration and
Naturalization Service; Steven
Farqaharson, Boston District
Director of INS
        Respondent(s)

## PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C & 2241

Petitioner, Delmar Adriano Monterio Lopes, herby petitions this court for a writ of Habeas Corpus to remedy Petitioner's unlawful detention by respondents. In support of this petition of complaint for injunctive relief, Petitioner alleges as follows:

## CUSTODY

1. Petitioner is in the physical custody of Respondent(s) and Immigration and Naturalization Service ("INS"). Petioner is detained at the Adult

Correctional Institute at the ("ACI") in P.o. Box 20983, Cranston, Rhode Island 02920; Id. # 115294, D-10. The Immigration and the Naturalization has contracted with "ACI" to house immigration detainees such as petitioner. Petitioner is under the direct control and custody of Respondents and thier agents.

## JURISDICTION

2. This Action arises under the Constitution of the United States, and the Immigration and Nationality Act("INA"), 8 U.S.C. & 1101 et seg., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") Pub. L. No. 104-208, 110 STAT. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. & 701 et seg.

3. This Court has jurisdiction unde 28 U.S.C. & 2241; Art. 1, Sec. 9, Cl. 2., of the United States Constitution (Suspension Clause); and 28U.S.C. & 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constititutional laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. & 2241; 5 U.S.C. & 702, and the All great Writs Act, 28 U.S.C. & 1651.

4. Petitioner has exhausted any and administrative remedies to the extent required by law.

## VENUE

5. Pursuant to **Braden v. 30th Judical Circuit Court of Kentucky,** 410 U.S. 484-493-500 (1979), Venue lies in the United States District Court

of Boston, District of Massachusetts, the Judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native of Cape Verde Island. Petitioner was first taken into "INS" custody on or a about June, 2000. He has remained in "INS" custody ever since June, 2000. Petitioner's final-order of removal was affirmed on August 23, 2001.

7. Respondent **John Ashcroft** is the Attorney General of the United States and is responsible for the administration of the ("INS") and the implementation and enforcement of the ("INA"). As such Mr. Ashcroft has ultimate custodial authority over Petitioner.

8. Respondent **Steven Farquharson** is the District Director of the Boston District Office of the ("INS") and is Petitioner's immediate custodian. **See Vasquez v. Reno 233 F 3d 688, 690 (1st Cir.2000), Cert. denied, 122 S. Ct.43 (2001).**

## FACTUAL ALLEGATIONS

9. Petitioner is a Native and Citizen of Cape Verde Island. He lawfully entered the United States as a Legal Permanent Resident in July 01, 1988, when he was approximately eight (8) years of age. Petitioner immigrated with his father and siblings to join his mother whom is a Lawful Permanent Resident, in America. From 1988 to Present, petitioner has contiuously lived in the Commonwealth of Massachusetts

with his family and close proximity. Petitioner has no substancial absence from the United States since he immigrated.

10. To date, however, the "INS" has been unable to remove the petitioner to Cape Verde Island. The Cape Verde Island government has declined to issue a travel document based on the fact, that according to the Cape Verde Island government, being one of the poorest countries in the world and the health system is also inadequate for many medical needs, the Cape Verde Island Government fears that by signing a travel document On behalf of Mr. Delmar A. Lopes will be imposing a death sentence on him because he will not survive for long in Cape Verde Island, since the country will not be able to provide for his medical needs. **See enclosed document: (a) from Consul General Mr. Alfredo R. Monterio, of Cape Verde Island, Boston, Ma. (b) Document letter from M.D. Arturo Longobardi; (c) Document from University Cardiology Fou ndation; (d) Document letter from Department of Health and Human Services, Bureau of Primary Health Care, Division of Immigration Health Services, Washington, DC 20536;** and, letter of release from M. D. Arturo Longobardi.) See also enclosed: Copy of document sent to Department of Homeland Security, Bureau of Immigration and Custom Enforcement, Mr. Bruce Chadbourne, Field Office Director, JFK Federal Building Government Center, Boston, Ma. 02203.

## CLAIM FOR RELIEF

## STATUTORY VIOLATION

11. Petitioner's continued detention by respondent(s) is unlawful and contravenes 8 U.S.C. & 1231 (a) (6), as interpreted by the United Supreme

Court in <u>Zadvydas.</u> The Six (6)-months presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and, **now can not,** and petitioner continues to languish in detention.

Petitioner's removal to Cape Verde Island or any other country is not significantly likely to occur in the reasonable foreseeable future. The Supreme Court held in <u>Zadvydas</u> that the "INS's" continued detention of someone like petitioner <u>under such circumstances is unlawful.</u>

12. <u>**Zadvydas v. Davis, 533 U.S. 678 (2001),**</u> the Supreme Court recognized six (6)- months, as only a presumptively reasonable period of detention in which to allow the government to complete an alien's removal and established that amount of time "**for the sake of uniform administration in the Federal Courts."** Id. at 701. The court went on to hold that:

    " After the Six-months (6) period once the alien provides good reason to believe that there is no significant likihood of removal in the reasonably forseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable as the period of prior post-removal confinement grows, what counts as the " reasonably forseeable future" conversely would have to shrink".

    Under <u>Zadvydas,</u> a habeas petition must not only " show post-removal order detention in excess of six (6)- months but also **must provide evidence** of a good reason to believe that there is no significant likilihood of removal in the reasonably forseeable future. "<u>**Id.**</u> If the petitioner meets his burden to " provide good reason to believe that there is no significant liklihood of removal in the reasonably forseeable future, the Government must respond with evidence sufficient to rebut that showing". <u>**Zadvydas, 533 U.S. at 701.**</u> (See the enclosed document from the Cape Verde Island Consulate Office of Boston, Ma.)

## SUBSTANTIVE DUE PROCESS VIOLATION

13. Petitioner's contiued detention violates petioners right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

14. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailorer to serve a compelling government interest. While Respondent would have an interest i in detaining petitioner in order to effectuate his removal, that interest does not justify the i ndefinite detention of petitioner, who is not significantly likely to be removed in the reasonably foreseeeable future. **Zadvydas** recognized that the "INS" may continue to detain alians only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which INS may detain an alien is only six (6)-months. Petitioner has already been detained in excess of siz (6)- months and petitioner's removal is not significantly likily to occur in the reasonably forseeable future.

## PROCEDURAL DUE-PROCESS VIOLATION

15. Under the Due-Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that s/he should not be detained. Petitioner in this case has been denied that opportunity! The "INS" does not make desisions concerning alien's custody in a neutral and impartial manner. The failure to Respondent(s) to provide a neutral decisionmaker to review the continued custody of petitioner violates petitioner's right to procedural due- process. Further, Respondent(s) have failed to acknowledge or act upon the petitioner's administrative request for release in a timely manner. There is no Administrative mechanism in place for the petitioner to demand a decision, ensure that a decision will ever be made, or appeal to custody decision that violates **Zadvydas**.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1.) Assume jurisdiction over this matter;

2.) Grant Petitioner a Writ of Habeas Corpus directing the Respondents to immediately release petitioner from this unlawful detention;

3.) Enter preliminary and permanent injunctive relief enjoining Respondent(s) from further unlawful detention of Petitioner; and,

4.) Grant any other and further relief that this Court deems just and proper.

I, Delmar Adriano Monterio Lopes, Affirm under penalty of perjury, that the foregoing is true and correct.

Dated: January 5, 2004

Respectfully submitted,

*Delmar Lopes*

Delmar A. Monterio Lopes (Pro-se)
Adult Corr. Institute (ACI)
Id. # 115294      D-10
P.O. Box 20983
Cranston, Rhode Island

## CERTIFICATE OF SERVICE

I, Delmar Adriano Monterio Lopes, hereby swear that I have caused to be served by hand delivery by postal service a copy of the enclosed "Petition for Habeas Corpus" upon the United States Attorney Office, Civil Division, at Joseph Moakley, Federal Building U.S. Courthouse, 1 Courthouse Way, Suite #9200, Boston Massachusetts 02210, on this 5th day of January, 2004.

*Delmar Lopes*